IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | |
| ) | Criminal No. 21-341 |
| SHAWN MICHAEL HOFFMAN, ) | |
| ) | |
| Defendant.   ) | |

## **MEMORANDUM ORDER**

Defendant Shawn Michael Hoffman is charged in a two-count Indictment with production and/or attempted production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e), and coercion of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (Docket No. 1). Following the Indictment, a writ of habeas ad prosequendum was issued on August 25, 2021 to transfer Defendant into federal custody for his initial appearance and arraignment, given that he has been serving an unrelated state sentence at SCI Chester. (Docket Nos. 6, 7). Defendant made his initial appearance and was arraigned on September 29, 2021, at which time he pled not guilty to the charges and also waived a detention hearing. (Docket Nos. 15, 20, 21, 24).

Subsequently, on October 5, 2021, Defendant filed a Waiver of Rights Under Interstate Agreement on Detainers in which he indicates that he is currently detained at the Northeast Ohio Correctional Center ("NEOCC"), but he wishes to be returned to SCI Chester on his detainer for the following reasons:

> At SCI Chester, he is able to access more programming and treatment opportunities than at NEOCC. Mr. Hoffman also wishes to finish his state sentence at the SCI where he will be able to represent his interests as needed with the parole board before he returns to Marshals' custody.

1

(Docket No. 25, ¶ 3). Defendant's counsel avers that "[she] and Mr. Hoffman have reviewed his rights under the Interstate Agreement on Detainers Act (IADA), and Mr. Hoffman understands his rights and knowingly waives those rights." (*Id.*, ¶ 4). Accordingly, Defendant requests that his Motion for Waiver of Interstate Agreement on Detainers be granted, (*see id.* at 2), even though no Motion was filed on the docket – rather, only the document styled as Defendant's Waiver. The Waiver is signed by Defendant's counsel, Assistant Federal Public Defender Sarah Levin, but it is not signed by Defendant. (*See id.* at 3).

The Government opposes Defendant's Waiver and requests that he remain in federal custody until his federal charges are resolved. (*See* Docket No. 28). According to the Government, Defendant should remain in federal custody given the nature and seriousness of the federal charges against him which involve a minor victim, to avoid unnecessary delays in his court proceedings, to avoid the use of resources to continually transfer him between state and federal custody for his proceedings, and to provide him with easier and more frequent access to his counsel. (*Id.* at 2). Additionally, the Government submits that keeping Defendant in federal custody will prevent any issues related to his anti-shuttling rights under the IADA, which have been subject to litigation in the past despite other similar waivers. (*Id.*). However, if the Court is inclined to accept Defendant's Waiver, the Government requests that the Court conduct a thorough colloquy with him to ensure that he fully understands his rights under the IADA and the implications of his Waiver. (*Id.* at 3).

The Court finds that Defendant's Waiver and request to be returned to state custody is not well supported. For instance, Defendant does not specify the programming and treatment opportunities that are available to him at SCI Chester which are supposedly unavailable at the NEOCC, nor does he explain why he seeks access to such programming and/or treatment. In

2

addition, Defendant submits that he wishes to finish his state sentence, but he provides no information regarding the amount of time remaining on that sentence.  Further, Defendant says that if he is returned to SCI Chester, he will be able to represent his interests "as needed" with the parole board, but he offers no explanation if and when that may be necessary based upon the current status of his state sentence.  Finally, while the Court accepts defense counsel's representation that she reviewed with Defendant his rights under the IADA, and that Defendant supposedly understands his rights and knowingly waives them, Defendant has not executed the Waiver, which calls into question his agreement on this very important issue.

Accordingly, for the forgoing reasons, IT IS HEREBY ORDERED that Defendant's Waiver of Rights Under Interstate Agreement on Detainers in which he requests to be returned to state custody at SCI Chester (Docket No. 25) is DENIED WITHOUT PREJUDICE.[1]

                                                        *s/ W. Scott Hardy*
                                                       W. Scott Hardy
                                                       United States District Judge

Date:  October 14, 2021

cc/ecf:  All counsel of record

---

[1] To the extent Defendant chooses to renew this request, he should file a properly supported motion.  Prior to filing any such motion, defense counsel is directed to confer with Government counsel concerning any additional information that may be included therein to address the Government's request in its Opposition that the Court conduct a thorough colloquy with Defendant to ensure that he fully understands his rights under the IADA and the implications of his Waiver.  Additionally, both counsel are directed to confer with the United States Marshal and advise whether the Marshal's Office has a position on this matter in view of issues facing detention facilities relative to the COVID-19 pandemic.